UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-20755-CIV-MARTINEZ-BECERRA

DOV SCHWARTZBEN,

    Plaintiff,

v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** came before the Court on Plaintiff Dov Schwartzben's Motion for Remand to State Court. (ECF No. 5). The Court, having reviewed the Motion for Remand, Response, (ECF No. 7), Reply, (ECF No. 10), the pertinent portions of the record, and being otherwise fully advised in the premises, **DENIES** the Motion to Remand.

    **I.**    **Background**

This case concerns a dispute over insurance coverage between an insured and his insurer. Plaintiff Dov Schwartzben owns a residence in Florida. (Compl. ¶ 4, ECF No. 1-2). Defendant National Fire & Marine Insurance Company ("NFM") and Plaintiff contracted for a policy to insure Plaintiff's Florida residence (the "Policy"). (*Id.* ¶ 8). On or around November 19, 2019, Plaintiff alleges he sustained damages to his property. (*Id.* ¶ 7). Plaintiff filed a claim under the Policy to obtain payment for the damages allegedly sustained by his residence. (*Id.* ¶ 9). The parties disagree as to the amount of loss and Plaintiff alleges that NFM has failed to full pay his covered claim. (*Id.* ¶¶ 13, 21).

On January 27, 2021, Plaintiff's counsel mailed a letter to NFM stating that Plaintiff's counsel had been retained in connection with the insurance dispute at issue in this case. (ECF No. 1-62). The letter also stated that Plaintiff "has stipulated that the contractual damages owed do not exceed $75,000. As such contractual damages owed do not exceed the Federal Jurisdictional minimum of $75,000.00, precluding removal, and we trust that the insurer will take note of this good-faith stipulation, and work with our office to resolve this matter forthwith." (*Id.* at 3).

On February 10, 2021, Plaintiff filed a complaint against NFM in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (ECF No. 1-2). Plaintiff asserted five counts against NFM for (1) breach of contract, (2) fraudulent inducement, (3) bad faith under section 624.155, Florida Statutes, (4) declaratory relief, and (5) petition for mediation. (*Id.* at 6–14). Defendant moved to dismiss counts two through five. (ECF No. 1-17). The state court dismissed those counts. (ECF No. 1-38). Accordingly, the only pending claim against NFM is for breach of contract.

Less than two months after Plaintiff filed the complaint, NFM served its First Set of Interrogatories ("First INT"). (*See* ECF No. 1-32). Interrogatory No. 1 in the First INT asked Plaintiff to

> "State the total amount of damages you are seeking in the above-styled lawsuit, including but not limited to any damages that you contend arose from the Subject Loss. If the total amount of damages you are seeking includes, interest, costs, and/or attorney's fees, please specifically state the amount of any such interest, costs, and/or attorney's fees you are seeking."

(*Id.* at 2–3). Plaintiff responded to Interrogatory No. 1 as follows:

> "Objection. Interrogatory is unduly burdensome and Interrogatory seeks information irrelevant to the instant action, premature to the instant litigation and not reasonably calculated to lead to the discovery of admissible evidence. Interrogatory is unduly burdensome as Interrogatory seeks information that may be protected from disclosure under the work-product and attorney-client privileges."

Interrogatory No. 2 in the First INT asked Plaintiff to "[i]dentify, by bates numbers, all documents on which you rely for you[r] Answer to Interrogatory No. 1." (*Id.* at 3). Plaintiff's responded to Interrogatory No. 2 as follows: "Objection. Interrogatory is improper as I have no obligation to list responsive documents. I will produce relevant nonprivileged documents in response to a property [sic] Request for Production pursuant to rule 1.350." (*Id.*).

When Plaintiff failed to amend its answers to the First INT, NFM moved to compel better responses to Interrogatories Nos. 1 & 2. (ECF No. 1-32). As to Interrogatory No. 1, the state court sustained Plaintiff's objection as to attorney's fees, but overruled Plaintiff's objection, in part, as to the compensatory damages Plaintiff seeks. (ECF No. 1-39). As to Interrogatory No. 2, the court sustained, in part, Plaintiff's objection as to the request to identify documents by bates number. (*Id.* at 1). The court also overruled Plaintiff's objection, in part, and required Plaintiff to identify any documents he relied on to support his answer to Interrogatory No. 1. (*Id.*). The court ordered Plaintiff provide amended interrogatory answers within twenty days of the order, dated September 24, 2021. (*Id.*).

Plaintiff's amended response to Interrogatory No. 1 specifically responded that "[w]ithout waiving objection or attorney-client privilege, I am not a professional or expert qualified to opine as to damages, and the damages, type, and amount were learned through my attorneys." (ECF No. 1-44 at 24). Plaintiff's amended response to Interrogatory No. 2 directed NFM to "[p]lease refer to correspondence dated January 27, 2021," which was the letter from Plaintiff's counsel informing NFM of its representation in this matter. (*Id.*). In response, Defendant moved for an order from the state court requiring Plaintiff show cause why Plaintiff should be held in contempt for failing to comply with the state court's September 24, 2021 order on NFM's motion to compel, and for reasonable expenses incurred from having to file the motion for an order to show cause. (*Id.* at 3).

3

On February 3, 2022, the state court granted NFM's first motion for order to show cause, in part, and required Plaintiff to amend its answers to Interrogatory No. 1 by specifically stating the "total amount of compensatory damages sought in this lawsuit," and to Interrogatory No. 2, by specifically identifying any documents Plaintiff relies on to support his answer to Interrogatory No. 1. (ECF No. 1-47). The court ordered Plaintiff to file amended responses on or before February 7, 2022. (*Id.*).

Instead of providing amended responses, Plaintiff moved for reconsideration of the state court's February 3, 2022 order on Defendant's motion for order to show cause. (ECF No. 1-49). The next day, Defendant filed a second motion for order to show cause, on an emergency basis, noting that the deadline for removal to this Court was February 10, 2022, and Plaintiff still had not amended its responses to Interrogatories Nos. 1 & 2, as required by the state court. (ECF No. 1-50). The state court granted Defendant's emergency motion, in part, giving the same instructions to Plaintiff to file his amended responses before 5:00 p.m. on February 9, 2022. (ECF No. 1-52 at 1). The state court also denied Plaintiff's motion for reconsideration. (*Id.* at 2).

Instead of complying with the state court's February 9, 2022 deadline, Plaintiff filed a petition seeking issuance of a Petition for Writ of Certiorari from Florida's Third District Court of Appeals. (*See* ECF No. 1-53 at 4). The appellate court denied the petition two days later. (ECF No. 1-63). The same day, Defendant filed a third motion for order to show cause with respect to Plaintiff's failure to comply with the state court's February 9, 2022 order directing Plaintiff to amend his answers to Interrogatories Nos. 1 & 2. (ECF No. 1-53 at 4). Again, the state court granted Defendant's third motion for order to show cause, in part, and directed Plaintiff to file amended responses to Interrogatories Nos. 1 & 2. (ECF No. 1-56).

Finally, on February 15, 2022, Plaintiff amended its responses to Interrogatory Nos. 1 & 2. (ECF No. 1-57). As to interrogatory No. 1, amongst other information, Plaintiff stated that he was "seeking the total amount of damages available to him," and that he had obtained an estimate from his public adjuster, who estimated that as a result of the loss, his property sustained a damages totaling $89,084.33. (*Id.* at 5). As to Interrogatory No. 2, Plaintiff stated that he relied on the Policy, certain documents produced to NFM, "Condominium Bylaws, which are not currently in Plaintiff's possession," and statutory law in Florida. (*Id.*).

After yet another hearing, Plaintiff submitted its third amended response to Interrogatory Nos. 1 and 2 on February 22, 2022. (ECF No. 1-61). In his amended response to Interrogatory No. 1, Plaintiff stated that he was "seeking $71,179.03 in contractual damages . . . as to the pending breach of contract claim." (*Id.* at 3). With respect to Interrogatory No. 2, Plaintiff responded that he relied upon the Policy, the estimate from the public adjuster, and certain documents produced to NFM. (*Id.*).

On March 14, 2022, NFM removed the case to this Court. (ECF No. 1). In the Notice of Removal, NFM states that the Court has federal diversity jurisdiction because Plaintiff is a citizen of New York, NFM is a citizen of Nebraska, and after combining Plaintiff's claim for contractual damages in the amount of $71,179.03 with attorneys' fees, the amount in controversy exceeds $75,000. (*Id.* at 10). In addition, NFM contends that the one-year deadline for removal does not apply here because Plaintiff acted in bad faith to prevent removal. (*Id.* at 10–13). Plaintiff now moves to remand the case to state court, arguing that the one-year deadline to remove has passed and the bad-faith exception to that deadline does not apply. (ECF No. 5). The Motion to Remand is now ripe for the Court's review. (*See* ECF Nos. 7 & 10).

## II. <u>Legal Standard</u>

A civil action may be removed from a state court to federal court if the federal court can exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Blab T.V., Inc. v. Comcast Cable Communs., Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Diversity jurisdiction exists if (1) the parties are "citizens of different States," and (2) "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). With respect to the amount-in-controversy requirement, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). "The Court may use its reason and experience when considering how much reasonable attorney's fees would be at the time of removal." *Coopersmith v. Scottsdale Ins. Co.*, No. 18-cv-23382, 2019 U.S. Dist. LEXIS 44744, at *6 (S.D. Fla. Mar. 19, 2019) (citing *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1064 (11th Cir. 2010)).

If an action is removed, the district court must order remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In addition, the district court may order remand when there is "any defect other than lack of subject matter jurisdiction." *Id.* Removal statutes are strictly construed against removal, and the removing party bears the burden of showing the existence of federal subject matter jurisdiction. *See Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009); *see also BCC Apts. v. Browning*, 994 F. Supp. 1440, 1442 (S.D. Fla. 1997). Moreover, "any substantial doubts as to the propriety of the removal must be resolved against proponents of the federal forum." *Waters v. Bausch & Lomb, Inc.*, No. 06-80547-CIV, 2006 U.S. Dist. LEXIS 102981, at *4 (S.D.

Case 1:22-cv-20755-JEM   Document 16   Entered on FLSD Docket 09/08/2022   Page 7 of 11

Fla. Jul. 28, 2006) (internal quotation marks and citation omitted). In other words, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Notably, "remand is determined by the evidence available at the time of removal." *White v. PDB State Farm Mut. Auto. Ins. Co.*, No. 13-CV-765, 2013 U.S. Dist. LEXIS 163696, at *7 (M.D. Fla. Nov. 18, 2013).

When a defendant removes a case to federal court, the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). No case is removable "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* at § 1446(c). Bad faith occurs when "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal[.]" *Id.* at § 1446(c)(3)(B). Prior to 2011, the one-year limitation on removal was absolute. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (noting that, as applied to the pre-2011 version of 28 U.S.C. § 1446, "Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction").

Since Congress amended 28 U.S.C. § 1446 to include an exception for bad faith, there has been "little guidance on what acts constitute 'bad faith' in the context of § 1446(c)(1). *See Wilson v. Fresh Mkt., Inc.*, No. 19-cv-81037, 2020 U.S. Dist. LEXIS 1556, at *3 (S.D. Fla. Jan. 3, 2020), *adopted*, 2020 U.S. Dist. LEXIS 11504 (S.D. Fla. Jan. 22, 2020). The cases that have applied the exception have found that plaintiff engaged in "clear attempts at strategic gamesmanship." *Id.* at *16. For example, "[c]ourts have found bad faith when plaintiffs have intentionally delayed

disclosure of the amount in controversy until after the one-year limitation passed." *Hajdasz v. Magic Burgers, LLC*, No. 19-cv-12528, 2018 U.S. Dist. LEXIS 222910, at *7 (M.D. Fla.) (citing cases), *aff'd*, 805 F. App'x 884 (11th Cir. 2020).

### III. Discussion

As explained below, the Court finds that diversity jurisdiction exists. Next, the Court analyzes whether removal is timely. Because there is no dispute that Defendant removed this case within thirty days of learning the amount-in-controversy, the Court only considers whether the bad-faith exception to the one-year removal deadline applies. After reviewing the facts in this case, the Court finds that the exception applies.

#### A. Diversity Jurisdiction Exists

Before examining whether the bad-faith exception to the one-year removal deadline applies, the Court first decides whether diversity jurisdiction exists. Here, both diversity-jurisdiction requirements are met. First, the parties are completely diverse because Plaintiff is a citizen of New York and Defendant is a citizen of Nebraska. (ECF No. 1 ¶¶ 6–8). With respect to the amount-in-controversy requirement, Plaintiff seeks $71,179.00 in contractual damages related to Defendant's purported breach of the Policy. (ECF No. 1-61). There is a $1,000 insurance deductible. (ECF No. 1 ¶ 12). Under Florida law, Plaintiff is entitled to attorney's fees if he prevails in this dispute. *See* § 627.428, Fla. Stat. Here, Plaintiff's attorney-fee claim at the time of removal would need to be at least $4,820.97 to create diversity jurisdiction. Plaintiff has filed an affidavit with this Court in another case representing that he charges $650.00 per hour for his legal services. *See Perez v. Scottsdale Ins. Co.*, No. 19-cv-22761, 2019 U.S. Dist. LEXIS 183757, at *6 (S.D. Fla. Oct. 24, 2019). Accordingly, Plaintiff's counsel would only need to expend approximately 7.5 hours in this case to satisfy the amount-in-controversy requirement.

8

Based on the pre-removal litigation, the Court is confident based on reason and experience that Plaintiff's counsel has expended at least 7.5 hours working on this case. Therefore, diversity jurisdiction exists, and this case is removable if notice was timely filed.

### B. Removal is Proper

There is no question that Plaintiff deliberately refused to disclose the amount in controversy to prevent removal. Before filing suit, Plaintiff's counsel "stipulated" that "contractual damages owed do not exceed the Federal Jurisdictional minimum of $75,000.00, precluding removal." (ECF No. 1-62 at 3). Despite this stipulation, Plaintiff repeatedly refused to respond to interrogatories asking about the amount of damages he sought to recover and steadfastly ignored court orders instructing him to do so. Only after four orders directing Plaintiff to appropriately respond to Interrogatories Nos. 1 & 2 and an appeal did NFM learn of the actual amount in controversy. But by that time, the one-year removal clock had expired.

In Plaintiff's Motion to Remand, he argues that NFM did not request additional discovery; for example, NFM did not seek to take Plaintiff's or the public adjuster's deposition, nor did NFM submit any request for production. This argument does not hold water. NFM did serve discovery on Plaintiff asking him directly how much he sought to recover. NFM was not required to go looking for other sources to obtain the same information that Plaintiff was ordered to disclose. In fact, "Defendant was under no affirmative duty to seek out evidence that would prove Plaintiff was undervaluing his claim before the one year period ran," but NFM did seek out this evidence, and Plaintiff intentionally kept it from NFM. *See Hill v. Allianz Life Ins. Co.*, 51 F. Supp. 3d 1277, 1282 (M.D. Fla. Oct. 6, 2014).

Plaintiff also argues that the Court should remand because NFM waived its right to remove this case by engaging in substantial state court litigation. A defect in removal, "commonly referred

9

to as litigation on the merits, effectively waives the defendant's right to remove a state court action to the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246, 1246 (11th Cir. 2004). Waiver may occur if the defendant takes "some substantial offense or defensive action in the state court action indicating a willingness to litigate in that tribual before filing a notice of removal with the federal court . . . waiver will not occur, however, when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court[.]" *Id.* (quoting Charles A. Wright, *et al.*, 14B Federal Practice & Procedure § 3721 (2003)). Moreover, "[w]hether the state court defendant had waived his right to remove based on 'active participation must be made on a case-by-case basis.'" *Id.* (citation omitted).

Much of state court litigation was due to the Plaintiff's refusal to comply with court orders instructing him to respond to discovery. Yes, Defendant moved to dismiss. But not before it served the First INT on Plaintiff containing Interrogatories Nos. 1 & 2. (*See* ECF No. 1-12 at 2; ECF No. 1-17 at 13). Moreover, responding to a complaint and participating in discovery does not in itself constitute waiver. *See Baumann v. Circle K Stores, 2020 U.S. Dist. LEXIS 256169*, at *10 (M.D. Fla. May 11, 2020) (noting that defendant "took substantial offensive discovery in the state case before filing a notice of removal" but that "[t]his did not in itself indicate a willingness to litigate in state court," that defendant "never abandoned its removal desire," and that "[t]he filing of a motion to dismiss . . . did not constitute waiver of [defendant's] right to remove, since such motion was required by the state court rules of procedure"); *Del Rio v. Scottsdale Ins. Co.*, No. 05-cv-1429, 2005 U.S. Dist. LEXIS 29992, at *10 (M.D. Fla. Nov. 18, 2005) ("Defendant was clearly permitted under the case law of the Eleventh Circuit Court of Appeals to file an answer in state court, serve requests for interrogatories, and then, after receiving Plaintiff's responses, determine whether the case was removable.").

From the beginning of this case, NFM has actively sought to learn of the amount in controversy. The delay in removal is a direct result of Plaintiff's gamesmanship. Plaintiff's final argument that this case should remain in state court because state courts are the best forum to decide insurance disputes is meritless. At bottom, removal is proper here.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, (ECF No. 5), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of September, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record