## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-20755-JEM/Becerra

DOV SCHWARTZBEN,

     Plaintiff,

v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

     Defendant.

_____/

## ORDER MEMORIALIZING HEARING[1]

THIS CAUSE came before the Court on Plaintiff Dov Schwartzben's *Daubert* Motion to Strike Defendant's Expert, ECF No. [43], and Defendant National Fire & Marine Insurance Company's *Daubert* Motion to Strike the Testimony of Plaintiff's Expert, ECF No. [38].  Both parties filed Responses in opposition to and Replies in support of the respective Motions, ECF Nos. [52], [54], [62], [66].   The Parties appeared before the undersigned for oral argument on the Motions on March 29, 2023 (the "Hearing").  *See* ECF No. [67].  For the reasons stated at the Hearing, which are incorporated herein, it was hereby **ORDERED AND ADJUDGED** that both Motions, ECF Nos. [38], [43] be **DENIED**.

### I.    BACKGROUND

This action concerns an insurance dispute arising out of damage to Plaintiff's residence. Defendant issued a policy of insurance to Plaintiff, pursuant to which Plaintiff submitted a claim for benefits as a result of damage sustained to the floor tiles in his living room.  Defendant denied

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [46].

Plaintiff's claim on the basis that the damage was not covered under the policy.  The cause of the damage is the subject of conflicting expert opinions.

Plaintiff's expert, Alfredo Brizuela, opined that moisture intrusion and vibrations caused the damage to Plaintiff's tiles.  ECF Nos. [38-1] at 38, [38-2] at 24:11-16.  Specifically, Mr. Brizuela stated that:

> In our professional opinion, the failure of the ceramic tile floor system installed at the subject property was caused by the presence of compressive forces that are the result of expansive forces created by moisture exposure (water intrusion by failure in the balcony waterproofing system). The distress reported by the homeowner (tented, buckled, fractured, cracked and hollow-sounding tile) is consistent with the intrusion of moisture into the ceramic tile floor

ECF No. [38-1] at 38.  Defendant's expert, Craig Mleko, P.E., opined that the damage was the result of a failure to install required movement joints in the ceramic tile floor.  ECF Nos. [49-1] at 10.  Mr. Mleko reached the following conclusions:

> 1.  The tented and hollow sounding floor tiles were the result of a loss of bond between the tile and underlying slab due to a lack of movement joints. Additional cause(s) of the tile bond failure could not be determined because none of the floor tiles were lifted and the conditions between the tile and slab could not be determined.
>
> 2.  The failure of the floor tile was not the result of storm activity or a specific event.

*Id*.

Defendant argues that Mr. Brizuela's expert opinions are unreliable because they lack a sufficient factual basis.  ECF No. [38] at 11-12.  In particular, Defendant contends that Mr. Brizuela lacks personal knowledge of, or there is an absence of evidentiary support for, certain facts he relied upon.  *Id*.  Plaintiff opposes Defendant's Motion, arguing that any attacks on the accuracy of the facts underlying Mr. Brizuela's opinions are "best resolved through cross-examination and the adversarial process."  ECF No. [54] at 8.

2

As for Plaintiff's *Daubert* motion, he also seeks to exclude Defendant's expert on the basis that the opinions offered are unreliable.  ECF No. [43].  Plaintiff contends that Mr. Mleko's opinions are "not based on sufficient facts or data [but, rather, on] a visual and **cursory** observation of the subject property."  *Id*. at 5-7.  Defendant responds that Mr. Mleko's opinions are reliable because they are based upon adequate testing, generally accepted industry standards and publications, as well as Mr. Mleko's own experience.  ECF No. [52] at 8-11.

## II.     ANALYSIS

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony in federal court, and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (4) the expert has readily applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In addition, the Eleventh Circuit Court of Appeals has set out three requirements that an expert must meet before his or her opinions may be admitted.  *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1329 (11th Cir. 2014).  First, the expert must be qualified on the matter about which he or she intends to testify.  *Id.* (citing *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)).

Second, the expert "must employ reliable methodology."  *Id.*  In *Daubert*, the Supreme Court set out four non-exclusive criteria for reliability determinations: "(1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the

methodology; and (4) whether the technique has been generally accepted in the proper scientific community." *Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 713 (11th Cir. 2008) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1298 (11th Cir. 2004)); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). These factors may guide a district court's reliability inquiry, but the district court ultimately has "broad latitude" as to how it determines reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). However, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Geyer v. NCL Bahamas Ltd.*, 203 F. Supp. 3d 1212, 1215 (S.D. Fla. Aug. 26, 2016) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co.*, 522 U.S. at 146.

Third, the expert's testimony must assist the trier of fact through the application of expertise to understand the evidence or facts in issue. *Tuscaloosa*, 158 F. 3d at 562. However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Rosenfeld v. Oceania Cruises, Inc.*, 654 F. 3d 1190, 1193 (11th Cir. 2011) (quoting *Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)).

The parties do not dispute that each expert is qualified to render the opinions offered, and neither argues that the opinions fail to assist the trial of fact. The parties' dispute focuses on the second *Daubert* requirement, that an expert employ a reliable methodology. Counsel for the parties acknowledged at the Hearing that both experts utilized a similar methodology. Indeed, neither party attacks the methodology employed by the opposing party's expert but, rather, challenges the factual predicate underlying the experts' opinions.

Defendant contends that Mr. Brizuela's opinions are unreliable because he did not gather sufficient facts from his visual inspection to support his opinion regarding moisture intrusion, and he has no personal knowledge that jackhammering occurred in the area around Plaintiff's residence to support his opinion regarding vibration. ECF No. [38] at 11. Plaintiff responds that Mr. Brizuela's report details the facts that he relied upon to reach his conclusions, which included a review of other apartment units in Plaintiff's condominium and his own familiarity with the methods employed by the construction company that was working on Plaintiff's condominium at the time of the damage. ECF No. [54] at 10-16. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Coquina Invs. v. Rothstein*, No. 10-60786-CIV, 2011 WL 4949191, at *8 (S.D. Fla. Oct. 18, 2011). Further, "[u]nder well settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true." *Williams v. Illinois*, 567 U.S. 50, 57 (2012).

With respect to Mr. Mleko, Plaintiff argues that he did not perform sufficient testing to support his opinions. ECF No. [43] at 5-8. Whether Mr. Mleko adequately tested his conclusions is a matter for cross-examination, rather than a basis to exclude his opinions. *See e.g.*, *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1343-46 (11th Cir.2003) (affirming admission of expert testimony despite criticism that expert used incorrect assumptions and calculations, failed to consider all variables, and failed to adequately test his conclusions). Indeed, it is well-established that "[a]ny weaknesses in the factual underpinnings of [the expert's] opinion go to the weight and credibility of [the expert's] testimony, not to its admissibility." *Sorrels v. NCL (Bahamas)*, 796 F.3d 1275, 1285 (11th Cir. 2015) (citation omitted); *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and

careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

In light of the foregoing authority, and for the reasons stated at the Hearing, the Court concludes that the opinions of Mr. Brizuela and Mr. Mleko are sufficiently reliable.   Any challenges to the correctness of the facts underlying those opinions are best addressed on cross-examination.   *See e.g., Agnelli v. Lennox Miami Corp.*, No. 20-cv-22800, 2022 WL 1443050, at *5 (S.D. Fla. May 5, 2022) (argument that opinion unreliable because expert used wrong data is "unavailing" because it "is a factual issue to be presented to the jury.") (citing *Mcgarity v. FM Carriers, Inc.*, No. CV410-130, 2012 WL 1028593, at *7 (S.D. Ga. Mar. 26, 2012) ("[T]he identification of flawed data or facts relied upon by an expert is precisely the role of cross-examination and does not render expert testimony inadmissible under *Daubert*.")).

## III.    CONCLUSION

Accordingly, Plaintiff's *Daubert* Motion to Strike Defendant's Expert, ECF No. [43], and Defendant's *Daubert* Motion to Strike the Testimony of Plaintiff's Expert, ECF No. [38], are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida on April 13, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**